IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHELL HAMILTON DAVY, | ) | CASE NO.  20-10729-BFK |
| | ) | CHAPTER 13 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MICHELL HAMILTON DAVY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AD. PRO. NO. 20-01021-BFK |
| | ) | |
| RAPHAEL A. DAVY, JR., ET. AL., | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES OF AMERICA'S MOTION TO DISMISS
## AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Fed.  R.  Civ.  Pro.  12(b)(1), (b)(4) and (b)(6) (made applicable to this proceeding pursuant to Fed. R. Bankr. Pro. 7012) the United States of America, by and through undersigned counsel, on behalf of Defendant Betsy DeVos, Secretary of the Department of Education and Defendant Department of Health and Human Services hereby respectfully moves

1

to dismiss the above-captioned adversary proceeding.[1]

## INTRODUCTION

This is an adversary proceeding brought by the Debtor against Raphael A. Davy, the State of Maryland, the U.S. Department of Education ("DOE"), and the U.S. Department of Health and Human Services ("HHS")(DOE and HHS are collectively referred to as the "Federal Defendants").  With regard to the claim of DOE, the Debtor alleges, in ¶ 2 of the Amended Complaint that she "does not owe, and therefore disputes the validity of student loan indebtedness claimed against her of any kind."  However, the Amended Complaint is devoid of any legal theory or factual allegations as to why, after participating in the Federal Loan Program for approximately 20 years, she no longer owes her student loan.  Further, while the Amended Complaint names HHS as a defendant in the caption, it fails to contain any reference to HHS in the body of the Amended Complaint.

The Federal Defendants asserts that this matter should be dismissed for lack of subject matter jurisdiction as the Debtor's underlying Chapter 13 bankruptcy proceeding has been dismissed.  Finally, the United States asserts that this adversary proceeding should be dismissed for insufficient process and for failure to state a claim upon which relief can be granted.

---

[1] The United States files this pleading as part of a limited appearance in this case pursuant to 28 U.S.C. § 517.  *See* <u>McQuillen v. Nat'l Cash Register Co.</u>, 112 F.2d 877, 881-882 (4th Cir. 1940); <u>Flatow v. Islamic Republic of Iran</u>, 305 F.3d 1249 (D.C. Cir. 2002).  The United States reserves all defenses, including the FRCP 12(b) defenses of lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted.

## STATEMENT

On March 6, 2020, the Plaintiff filed a voluntary petition in this Court seeking adjustment of her debts under Chapter 13 of the Bankruptcy Code.  In re Michell Hamilton Davy, Case No. 20-10729 (Bankr. E.D. Va.). Dkt. No. 1.

On March 17, 2020, the Plaintiff filed a Complaint in this adversary proceeding.  The Court issued a summons and Notice of Pretrial Conference on March 18, 2020.  Dkt. Nos. 1 and 2. [2]

On May 1, 2020, Plaintiff filed an Amended Complaint.  Dkt. No. 7.  The Amended Complaint added HHS in the caption as a named defendant, but the Amended Complaint contains no statement in the numbered allegations of the complaint regarding HHS.

On May 1, 2020, Plaintiff filed several Certificates of Service, reporting service upon the Federal Defendants on May 1, 2020.  Dkt. No. 8.

On May 1, 2020, Plaintiff filed a Motion to Extend Time (Motion for Appropriate Relief).  Dkt. No. 11.

By Order entered May 8, 2020, the Plaintiff's Chapter 13 bankruptcy proceeding was dismissed.  In re Michell Hamilton Davy, Case No. 20-10729 (Bankr. E.D. Va.).  Dkt. No. 56.

On June 2, 2020, the Court granted Plaintiff's Motion for Relief and held that defendants "are allowed the later of an additional 14 days from entry of this Order or the time required for the Defendant to respond under the Bankruptcy Rules to respond to the Complaint." Dkt. No. 19.

---

[2] Unless otherwise stated, reference to docket entries refer to those in this adversary proceeding.

ARGUMENT

The Federal Defendants assert three grounds upon which the Amended Complaint should

be dismissed.

> I.      The Amended Complaint Should Be Dismissed Because
>         The Underlying Bankruptcy Proceeding Has Been Dismissed.

It is well settled that when a bankruptcy case is closed or dismissed, the bankruptcy

court's jurisdiction normally ceases.  *See*, In re Winebrenner, 170 B.R. 878, 881 (Bankr. E.D.

Va.1994).  *See also*, Matter of Querner, 7 F.3d 1199, 1201 (5th Cir. 1993)("We hold, in accord

with the Third, Ninth, and Eleventh Circuits, that as a general rule the dismissal or closing of a

bankruptcy case should result in the dismissal of related proceedings"); In re Morris, 950 F.2d

1531, 1534 (11th Cir. 1992); In re Smith, 866 F.2d 576, 580 (3rd Cir. 1989); Chapman v. Currie

Motors, Inc., 65 F.3d 78, 81 (7th Cir. 1995); In re Carraher, 971 F.2d 327 (9th Cir.1992); In re

Elias, 215 B.R. 600, 603 (9th Cir. BAP 1997)(once a case has been dismissed, property of the

debtor's estate re-vests in the debtor); In re Banks-Davis, 148 B.R. 810, 812 (Bankr. E.D. Va.

1992); In re Rush, 49 B.R. 158 (Bankr. N.D. Ala. 1985).

Dismissal is the standard and preferred disposition of an adversary proceeding after the

termination of the underlying bankruptcy.  *E.g.*, In re Porges, 44 F.3d 159, 162 (2d Cir. 1995)

("This general rule favors dismissal because a bankruptcy court's jurisdiction over such related

proceedings depends on the proceedings' nexus to the underlying bankruptcy case.").

Dismissal is not automatic and the Court may, for good cause shown, retain jurisdiction.

*See*, United States v. Moseley (In re Moseley), 161 B.R. 382 (Bankr. E.D. Texas 1993).

However, "[f]or a bankruptcy court to retain jurisdiction of a case after closing, the party must be

claiming a right or remedy created by one of the specific sections of title 11 U.S.C. § 101, *et*

*seq."* In re Banks-Davis, 148 B.R. 810, 813 (Bankr. E.D. Va. 1992).  The Complaint in this case

as to the Federal Defendants does not seek a right established under Title 11.  Given the

dismissal of the underlying bankruptcy case, and the lack of any nexus between the Amended

Complaint and Title 11, U.S.C., the Bankruptcy Court lacks subject matter jurisdiction over the

remainder of this adversary proceeding and it should be dismissed.

     II.    Service of Process is Deficient.

    Rule 7004 of the Federal Rules of Bankruptcy Procedure governs the proper service of

process upon defendants.  Failure to serve the United States properly deprives the Court of

personal jurisdiction over the United States, thus leaving the Court with no power to compel an

answer or response from the United States.  Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir.

1966), *cert. den.*, 391 U.S. 923 (1967).  *See also,* Insurance Corp. of Ireland, Ltd. v. Compagnie

des Bauxites de Guinee, 456 U.S. 694 (1982).  Because the Plaintiff failed to serve the United

States as required by Rule 7004(b)(4) of the Federal Rules of Bankruptcy Procedure, the Court

lacks personal jurisdiction over the defendants.  In re Laughlin, 210 B.R. 659, 660-61 (1st Cir.

B.A.P. 1997); In re Guardian Trust Co., 260 B.R. 404, 408 n. 6 (S.D. Miss 2000); In re Clifford,

255 B.R. 258, 266 (D. Mass. 2000); In re Hernandez, 173 B.R. 430, 431 (N.D. Ala. 1994); In re

Morrell, 69 B.R. 147 (N.D. Cal. 1986); In re J.B. Winchells, Inc., 106 B.R. 384, 395 (Bankr.

E.D. Pa. 1989).

    Absent personal jurisdiction over the United States, any proceedings in this case are void.

In re Clifford, 255 B.R. at 266 ("If service is not made as prescribed by Fed. R. Bankr. Pro. 7004,

the Bankruptcy Court does not have jurisdiction over the United States and any judgment entered

against the United States is void."); Guardian Trust, 260 B.R. at 408 n.6 ("Failure to adhere to

Rule 7004(b)(4) in serving process upon the United States is grounds for reversal for lack of

jurisdiction.").[3]

Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See* <u>Myers v. American Dental Ass'n</u>, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); <u>Familia De Boom v. Arosa Mercantil, S.A.</u>, 629 F. 2d 1134, 1139 (5th Cir. 1980), *cert. den.*, 451 U.S. 1008 (1981); <u>Adams v. American Bar Ass'n</u>, 400 F. Supp. 219, 222 (E.D. Pa. 1975).

In the present case, the plaintiff has failed to meet the requirements of Rule 7004(b)(4) because she has not properly served the United States Attorney with a valid summons.  Rule 7004(e) requires that service of the Complaint be accompanied by a current summons.

> Service made under Rule 4(e), (g), (h)(1), (i), or (j)(2) F.R.Civ.P. shall be by delivery of the summons and complaint within 7 days after the summons is issued.  If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued. If a summons is not timely delivered or mailed, another summons will be issued for service. This subdivision does not apply to service in a foreign country.

Moreover, Local Rule 7004-2, reiterates the requirement that a summons is only valid for 7 days: "(B) Time Limit for Service: If a summons is not timely delivered or mailed within 7 days following issuance of the summons, the party responsible for the original service shall bear the responsibility for issuance of further process."

The only summons issued in this case was dated March 18, 2020. Plaintiff failed to serve this summons within 7 days of its issuance.  According to the Certificates of Service filed by the Plaintiff on May 1, 2020, service of process was not instituted until May 1, 2020.  By the clear

---

[3] The requirements of Bankr. Rule 7004(b) flow from the United States' sovereign immunity and its corollary power to state how it is to be sued. <u>In re J.B. Winchells, Inc.</u>, 106 B.R. 384, 395 (Bankr. E.D. Pa. 1989).

wording of the Rule, the March 18, 2020, summons is defective and any service of it after that date is likewise defective.

Failure to serve the United States properly deprives the Court of personal jurisdiction over the United States, thus leaving the Court with no power to compel an answer or response from the United States.

III.    The Complaint Fails to State a Claim Upon Which Relief Can be Granted.

Federal Rule of Civil Procedure 12(b)(6), applicable to this proceeding pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  When adjudicating a Rule 12(b)(6) motion, a court must accept as true all well-pled allegations, but need not credit contentions that are merely conclusory.  See Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002).  Nor must a court accept the validity of legal conclusions, for, as the Supreme Court has acknowledged, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  To withstand a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at 149 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the plaintiff pleads factual content that allow[s] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint must fail.  Id. at 1950.  As such, a court reviewing a motion to dismiss must assume the veracity of a plaintiff's well-pled factual allegations, evaluate them against the relevant substantive law governing a particular claim, and "then determine whether they plausibly give rise to an

7

entitlement to relief." Id.  Where a plaintiff's complaint fails to meet this required threshold, it must be dismissed.  See id. at 1953.

Plaintiff's Amended Complaint fails to set forth facts that entitle her to relief.  First, the Amended Complaint fails to identify any legal basis under which she is entitled to relief from the Federal Defendants.  It is impossible to tell the legal basis under which the Plaintiff claims to be entitled to relief as she has identified absolutely none.

Second, Plaintiff has pled no specific factual conduct, which would entitle her to relief from the Federal Defendants.  The Amended Complaint fails to identify any factual basis under which she is entitled to the relief from her student loan obligation.  The entirety of her complaint is set forth paragraph 3 of the Amended Complaint, which states: "Debtor does not owe, and therefore disputes the validity of student loan indebtedness claimed against her, of any kind."  In November 2000, Plaintiff submitted an application, signed a promissory note and received funds pursuant to the William D. Ford Federal Direct Consolidation Loan Program.  The funds were used to consolidate loans taken out to attend Georgetown University Law Center.  The complaint in this action fails to set forth any facts why the Plaintiff does not "owe" the loan.

Moreover, the Amended Complaint in this action names the U.S. Department of Health and Human Services as a defendant, but fails to include any statement regarding such agency.  Plaintiff has not even identified any reason why HHS is named as a defendant in this action, and HHS is unable to identify any.[4]  A review of the Plaintiff's Schedules in the underlying bankruptcy proceeding sheds no light on why HHS is named as a defendant in this action.

---

4 HHS is unable to determine what, if any, interest that agency has in the Plaintiff's bankruptcy proceeding, thereby making defense extremely difficult, if not impossible.

As Iqbal makes clear, a complaint must contain *factual* averments that, accepted as true, state a plausible claim to relief - mere possibility is insufficient.  Iqbal, 129 S. Ct. at 1949.  The plausibility standard, as explained by the Fourth Circuit, "requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

Here, instead of the requisite factual assertions, Plaintiff's Amended Complaint contains nothing "more than labels and conclusions" which are insufficient to show a claim entitling her to relief.  Id. (quoting Twombly, 550 U.S. at 555).  One is hard-pressed to identify a single factual statement in the Amended Complaint related to the Federal Defendants, which could be construed as entitling her to relief under her any unidentified legal theory.  With no factual averments in the Amended Complaint, it not only fails to demonstrate a *plausible* claim to relief, it precludes this Court from even inferring the *possibility* of relief, and, by that measure, fails to meet the required pleading standard.  *See* Giacomelli, 558 F.3d at 193.

CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Amended Complaint as to

the United States of America.

Respectfully submitted,

G. ZACHARY TERWILLIGER
United States Attorney

By:      /s/ Robert K.  Coulter
         Robert K. Coulter
         Assistant United States Attorney, VSB 42512
         Justin W. Williams U.S. Attorney's Building
         2100 Jamieson Avenue
         Alexandria, Virginia 22314
         Telephone:  (703) 299-3745
         Fax:  (703) 299-2584
         Counsel for the United States of America

CERTIFICATE OF SERVICE

I hereby certify that I have on this date served the foregoing upon all interested parties to this proceeding, by causing true and correct copies thereof to be placed in the United States mail, postage prepaid, addressed as follows:

Michelle Hamilton Davy
3160 Campbell Drive
Fairfax, VA 22031

Raphael A Davy
PO Box 2943
Peachtree City, GA 30269

I further certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Date:  June 16, 2020

 /s/ Robert K. Coulter
ROBERT K. COULTER